FILED
2012 Jul-05  PM 05:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

## ALABAMA SJIS CASE DETAIL



**Company Name: JONES WALKER - BHAM**

**PREPARED FOR: Alan Warfield**

County: **01**   Case Number: **CV-2012-901639.00**   Court Action:

Style: **CLAUDE A TILLMAN V. MASTER CREDIT SYSTEMS, INC. ET AL**

REAL TIME

### Case Action Summary - CV201290163900

| Date | Time | Code | Comments | Operator |
|------|------|------|----------|----------|
| 05/24/2012 | 2:10:15 | EFILE | COMPLAINT E-FILED. | PHI053 |
| 05/24/2012 | 2:11:07 | FILE | FILED THIS DATE: 05/24/2012          (AV01) | AJA |
| 05/24/2012 | 2:11:08 | EORD | E-ORDER FLAG SET TO "N"          (AV01) | AJA |
| 05/24/2012 | 2:11:09 | ASSJ | ASSIGNED TO JUDGE: TOM KING, JR.          (AV01) | AJA |
| 05/24/2012 | 2:11:10 | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 05/24/2012 | 2:11:11 | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 05/24/2012 | 2:11:12 | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 05/24/2012 | 2:11:13 | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 05/24/2012 | 2:11:22 | C001 | C001 PARTY ADDED: TILLMAN CLAUDE A          (AV02) | AJA |
| 05/24/2012 | 2:11:23 | ATTY | LISTED AS ATTORNEY FOR C001: PHILLIPS WESLEY LEVO | AJA |
| 05/24/2012 | 2:11:24 | EORD | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 05/24/2012 | 2:11:28 | D001 | D001 PARTY ADDED: MASTER CREDIT SYSTEMS, INC. | AJA |
| 05/24/2012 | 2:11:29 | ATTY | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 05/24/2012 | 2:11:30 | SUMM | CERTIFIED MAI ISSUED: 05/24/2012 TO D001          (AV02) | AJA |
| 05/24/2012 | 2:11:31 | EORD | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 05/24/2012 | 2:11:34 | D002 | D002 PARTY ADDED: EQUIFAX INFORMATION SERVICES, LL | AJA |
| 05/24/2012 | 2:11:35 | EORD | D002 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 05/24/2012 | 2:11:36 | ATTY | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 05/24/2012 | 2:11:37 | SUMM | CERTIFIED MAI ISSUED: 05/24/2012 TO D002          (AV02) | AJA |
| 05/24/2012 | 2:11:58 | EFILE | COMPLAINT - SUMMONS | |
| 06/19/2012 | 3:29:41 | SERC | SERVICE OF CERTIFIED MAI ON 06/06/2012 FOR D001 | LOH |
| 06/20/2012 | 8:19:55 | SERC | SERVICE OF CERTIFIED MAI ON 06/07/2012 FOR D001 | LOH |

*END OF THE REPORT*



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
CLAUDE A TILLMAN V. MASTER CREDIT SYSTEMS, INC. ET AL

**01-CV-2012-901639.00**

To:  CLERK BIRMINGHAM
     clerk.birmingham@alacourt.gov

**TOTAL POSTAGE PAID FOR CERTIFIED MAIL: $14.80**

Parties to be served by **Certified Mail - Return Receipt Requested**

MASTER CREDIT SYSTEMS, INC. *001*                          Postage: $7.40
2520 SHALLOWFORD ROAD
STE H                            7011 2970 0002 9664 3102
MARIETTA, GA 30066              

EQUIFAX INFORMATION SERVICES, LLC *002*                    Postage: $7.40
150 S. PERRY STREET
MONTGOMERY, AL 36104             7011 2970 0002 9664 3119

Parties to be served by **Certified Mail - Restricted Delivery - Return Receipt Requested**

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-201<br><br>Date of Filing:<br>05/24/2012 | **ELECTRONICALLY FILED**<br>5/24/2012 2:10 PM<br>CV-2012-901639.00<br>CIRCUIT COURT OF<br>JEFFERSON COUNTY, ALABAMA<br>ANNE-MARIE ADAMS, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF JEFFERSON COUNTY, ALABAMA
### CLAUDE A TILLMAN v. MASTER CREDIT SYSTEMS, INC. ET AL

**First Plaintiff:** ☐ Business ☑ Individual **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other ☐ Government ☐ Other

---

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
Appeal/Enforcement of Agency Subpoena/Petition to
Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
Judgment/Injunction Election Contest/Quiet Title/Sale For
Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

---

**ORIGIN:** F ☑ INITIAL FILING  A ☐ APPEAL FROM  O ☐ OTHER
DISTRICT COURT

R ☐ REMANDED  T ☐ TRANSFERRED FROM _____
OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ Yes ☐ No

---

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**  PHI053  5/24/2012 1:55:45 PM  /s/ WESLEY L PHILLIPS

---

**MEDIATION REQUESTED:**  ☐ Yes ☐ No ☑ Undecided

ELECTRONICALLY FILED
5/24/2012 2:10 PM
CV-2012-901639.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

CLAUDE A. TILLMAN,                    )
                                      )
    Plaintiff,                   )
                                      )
                                      )
v.                                    )          Case No.:_____
                                      )
MASTER CREDIT SYSTEMS, INC., a        )
corporation; and EQUIFAX              )
INFORMATION SERVICES, LLC,            )
a corporation;                        )
                                      )
    Defendants.                  )

## COMPLAINT

COMES NOW Plaintiff Claude A. Tillman, by and through counsel, in the above styled

cause, and states his Complaint as follows:

### PARTIES

1.     Plaintiff Claude A. Tillman is a resident of Jefferson County, Alabama, over 19

years of age, and is competent to bring this action.

2.     Defendant Master Credit Systems, Inc. (hereinafter "MCS") is a Georgia corporation

with its principal place of business located in Marietta, Georgia and was doing business in Jefferson

County, Alabama at all times material to this Complaint.  MCS acted as a debt collector and/or debt

buyer throughout the United States including Jefferson County, Alabama at all times material to this

Complaint.

3.     Defendant Equifax Information Services, LLC (hereinafter "Equifax") is

registered in Georgia with its principal place of business located in Atlanta, Georgia and was doing

business in Jefferson County, Alabama at all times material to this Complaint.

## FACTUAL ALLEGATIONS

5.     In or around and prior to, February, 2011, Defendant MCS sent correspondence to Plaintiff claiming he owed one hundred five dollars and sixty-two cents ($105.62) to Defendant MCS for the account of Whole Foods collected upon by Defendant MCS.

6.     Plaintiff denied he owed Whole Foods the amount they claimed he owed, if any amount at all.

7.     After disputing he owed any amount, including the amount Defendant MCS and Whole Foods claimed he owed, Plaintiff obtained a United States Postal Service Money Order in the amount of one hundred five dollars and sixty-two cents ($105.62), made it payable to Defendant MCS for the Whole Foods account, and sent it to Defendant MCS to buy his peace with regard to this disputed account and amount.

8.     Defendant MCS negotiated the United States Postal Service Money Order in the amount of one hundred five dollars and sixty-two cents ($105.62) on or about March 9, 2011.

9.     Thereafter, Plaintiff was caused to receive his credit report from Defendant Equifax, and under the section entitled Collection Agency Information, was still listed Defendant MCS as collecting upon the disputed account that was previously paid by Plaintiff.

10.     In July, 2011, Plaintiff sent a dispute letter to Defendant Equifax along with a copy of the negotiated USPS Money Order stating that the information pertaining to the Collection Agency Information showing Defendant MCS still attempting to collect upon the $105.62 was incorrect and was due to be corrected to show that the account was, at least, paid and no longer in collection; however, Defendants Equifax and/or MCS failed and refused to correct the information in Plaintiff's credit report.

11.     Instead, Defendant Equifax sent a letter stating it considered Plaintiff's claim frivolous and that it did not believe Plaintiff was who he said he was so Plaintiff sent copies of various documents, including his passport, his driver's license, and a power bill to prove it was indeed Plaintiff disputing his account on his credit report.

12.     Defendants Equifax and/or MCS failed and refused to respond to Plaintiff's request and/or otherwise correct his credit report with regard to the disputed collection account of Defendant MCS.

13.     In or around, January, 2012, Plaintiff again sent a dispute letter along with a copy of the negotiated USPS Money Order to Defendant Equifax with regard to the incorrect information in his credit report regarding the collection account of Defendant MCS still showing as in active collections long after the disputed account had been paid all amounts that Defendant MCS and its client, Whole Foods, were claiming he owed.

14.     In response, Defendants Equifax and/or MCS again failed and refused to respond to Plaintiff stating his dispute was frivolous and that he was not Claude Tillman.

15.     Once again, Plaintiff sent copies of various documents, including his passport, his driver's license, and a power bill to prove it was indeed Plaintiff disputing his account on his credit report.

16.     Once again, Defendants Equifax and/or MCS failed and refused to respond to Plaintiff's request and/or otherwise correct his credit report with regard to the disputed collection account of Defendant MCS.

17.     The debt being collected is a "consumer debt" as defined by the FDCPA.

18.     Plaintiff is a "consumer" as defined by the FDCPA and FCRA.

19.     Defendant MCS is a "debt collector" as defined by the FDCPA.

20.     In fact, no Defendant performed any type of reasonable investigation and/or re-investigation.

21.     Defendant Equifax notified Defendant MCS in accordance with the FCRA of the dispute by the Plaintiff.

22.     Alternatively, Defendant Equifax did not properly notify Defendant MCS and, as a part of this failure, did not include all relevant information provided by Plaintiff in their notification of Defendant MCS.

23.     All Defendants failed to properly investigate and/or re-investigate these disputes, and if Defendants had properly investigated, the accounts would have been deleted.

24.     All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

25.     Despite this knowledge, Defendant Equifax has completely abdicated its obligations under federal and state law and have instead chosen to merely "parrot" whatever the customer, Defendant MCS, has told it to say.

26.     Defendant Equifax has a policy to favor the paying customer, in this situation Defendant MCS, rather than what the consumer or even a court says about a debt.

27.     The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to these Defendants.

28.     The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

29.     Defendant MCS has a policy and procedure to refuse to update credit reports of

consumers, like Plaintiff, who do not owe the alleged debt. This practice and procedure keeps false information on the credit report. The false information consists of a balance shown as owed when Defendant MCS knows no balance is owed.

30.      Defendant MCS promises through its subscriber agreements or contracts to accurately update accounts but Defendant MCS has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, and state law, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

31.      Defendant MCS had a duty, and has a duty it assumed through the subscriber agreement and other actions, to accurately report the balances, and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

32.      Defendant MCS has a policy and/or practice to "park" its accounts on at least one of the consumer's credit reports. In the credit reporting industry, the term "park" means to keep a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.  In this matter, Defendants MCS and Equifaxs' failure to remove Plaintiff's account is a prime example of "parking" an account in order to extort monies from consumers like Plaintiff in order to have an inaccurate trade line removed.

33.      In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and/or the balance.

34.      All Defendants know that parking a balance will lead to false and defamatory

information being published every time the Plaintiff's credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force the Plaintiff to pay on an account she does not owe.

35.    All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation and/or re-investigation into Plaintiff's disputes.

36.    At all relevant times the Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation and/or provide proper consumer disclosures, concerning the accounts in question, violating 15 U.S.C. §§ 1681e(b), 1681i and state law.

37.    Defendant MCS  failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report and/or to conduct a reasonable and proper investigation and/or re-investigation, concerning the account in question, thus violating state law and FDCPA as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

38.    Defendant MCS has taken aggressive actions in a continued effort to collect the alleged debt against Plaintiff. These actions include the continued reporting of the debt to third parties, including consumer-reporting agencies such as Equifax, that Plaintiff owed the debt, that Plaintiff defaulted, and that the account was in collections.

39.    Defendant Equifax has failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants have failed to properly investigate and/or re-investigate the accounts

in response to the disputes made by Plaintiff.

40.     The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

41.     It is a practice of Defendant MCS to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA, FCRA, and state law.

42.     It is a practice of Defendant Equifax to maliciously willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA, and state law.

43.     All actions taken by employees, agents, servants, or representatives of any type for any and/or all Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

44.     All actions taken by any and/or all Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

45.     All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to Plaintiff's accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

46.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

47.     Defendant MCS violated the FDCPA in numerous ways, including, but not limited to the following:

      a.     Falsely reporting the debt on Plaintiff's credit reports with Equifax when Plaintiff does not owe the money;

      b.     Communicating false credit information;

      c.     Engaging in unfair and unconscionable collection practices;

      d.     Engaging in collection activities on a debt that Plaintiff does not owe and that Defendant MCS is not entitled to collect upon.

48.     The violations of the FDCPA by the Defendant MCS are the proximate cause of Plaintiff's injuries under the FDCPA due to Defendant MCS's conduct which violated the FDCPA and caused Plaintiff's actual damages, statutory damages, costs, expenses,  attorneys' fees, and including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant MCS  for statutory, actual, compensatory and/or punitive damages in the amount of $50,000.00, plus attorneys' fees and interest from the date of injury and the costs and expenses of this proceeding.

## COUNT II

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

49.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

50.     Defendant Equifax is a "consumer reporting agency," as codified at 15 U.S.C. §1681a(f).

51.     Defendant MCS is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

52.     Plaintiff notified Defendant Equifax directly of a dispute on the Defendant MCS's account's completeness and/or accuracy, as reported.

53.     The credit reporting agency, Defendant Equifax, failed to delete inaccurate information, reinserted the information without following the FCRA, failed to properly investigate and/or reinvestigate Plaintiff's disputes, and/or failed to provide Plaintiff a proper response, or any response at all in violation of the FCRA.

54.     Plaintiff alleges that at all relevant times Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of his credit report with regard to the accounts in question in violation of 15 U.S.C. § 1681e(b).

55.     Plaintiff alleges that all Defendants failed to conduct a proper, reasonable and lawful investigation and/or reinvestigation as well as provide a proper consumer disclosure in violation of the FCRA, including, 15 U.S.C. §§1681i, 1681i(a), 1681i(a)(6). All Defendants were given notice

the alleged disputed debt was paid, at least, once if not twice and provided proof of the payment but apparently failed to review the documents, communicate, and/or other proper and reasonable measures.

56.     All actions taken by the Defendants were done willfully, with malice, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

57.     Defendants Equifax and/or MCSs' violations of the FCRA proximately caused the injuries and damages set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants MCS and/or Equifax, jointly and severally, for statutory, actual, compensatory and/or punitive damages in the amount of $50,000.00, plus attorneys' fees and interest from the date of injury and the costs and expenses of this proceeding.  .

## COUNT III

## DEFAMATION

58.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

59.     Defendant MCS published false information about Plaintiff by reporting to one

or more of the Consumer Reporting Agencies (CRAs) failing to accurately show the account as paid.

60.     Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by the Defendant.

61.     Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

62.     Plaintiff has been damaged as a proximate result of Defendant MCS's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged;  Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant MCS for compensatory and punitive damages in the amount of $50,000.00, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT IV

## INVASION OF PRIVACY

63.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

64.     Defendant MCS recklessly, intentionally, and/or willfully invaded the privacy of Plaintiff as set forth in Alabama law, including publishing false information about Plaintiff's personal financial obligations and refusing to properly update the credit reports as described in this Complaint.

65.     Plaintiff has been damaged as a proximate result of Defendant MCS's wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendant MCS for compensatory and punitive damages in the amount of $50,000.00, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT V

## NEGLIGENT, RECKLESS, WANTON, MALICIOUS AND/OR INTENTIONAL CONDUCT

66.     All paragraphs of this Complaint are expressly adopted and incorporated by reference as if fully set forth herein.

67.     Defendant MCS has a duty under Alabama law, and also assumed a duty through the subscriber agreement with the CRAs, to accurately report the account of Plaintiff.

68.     Defendant MCS has agreed to follow and understands it must follow the requirements of the FCRA.

69.     Defendant MCS has a duty under Alabama law to act reasonably under the circumstances.

70.     Defendant MCS has violated this duty under Alabama law by failing to accurately report Plaintiff's account to the credit reporting agencies.

71.     Defendant MCS violated its duties to Plaintiff and such violations were made

intentionally, recklessly, wantonly, maliciously, and/or negligently as Defendant refused to comply with all the duties Defendant had.

72.     Defendant Equifax violated its respective duties to Plaintiff and such violations were made intentionally, recklessly, wantonly, maliciously, and/or negligently as this Defendant refused to comply with all the duties it had or owed to Plaintiff.

73.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equifax and/or MCS, jointly and severally, for compensatory and punitive damages in the amount of $50,000.00, together with interest from the date of injury and the costs and expenses of this proceeding.

## COUNT VI

## NEGLIGENCE IN HIRING, SUPERVISING, AND/OR TRAINING

74.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if set forth herein in their entirety.

75.     Defendants Equifax, and/or MCS were negligent or wanton in the hiring, training, and/or supervision of their employees and/or agents.

76.     The employees and/or agents of these Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment

or agency, were incompetent to perform his/her duties and all Defendants did know, or should have known, of such incompetence.

77.     The negligent or wanton conduct of those employees and/or agents of all Defendants, including the fictitious party Defendants, while acting in furtherance of each one's employment or agency and in the line and scope of each one's respective employment or agency lead to the Plaintiff's account at issue in this matter being reported inaccurately on her credit reports.

78.     Plaintiff has been damaged as a proximate result of all Defendants' wrongful conduct as set forth in this Complaint, including, but not limited to, Plaintiff's credit was and is damaged; Plaintiff suffered contempt, ridicule and/or financial injury; Plaintiff has suffered a loss of credit, insurance, and/or other business dealings of varying types; and Plaintiff suffered actual damages for worry, shame, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants Equifax and/or MCS, jointly and severally, for compensatory and punitive damages in the amount of $50,000.00, together with interest from the date of injury and the costs and expenses of this proceeding.

                                              s/Wesley L. Phillips
                                              Wesley L. Phillips (PHI053)
                                              Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham, Alabama 35236
Telephone: (205) 383-3585
Facsimile: (800) 536-0385
Email: wlp@wphillipslaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS MATTER .**

                                         s/Wesley L. Phillips
                                         OF COUNSEL

Plaintiff's Address:
3453 Summit Drive
Birmingham, Alabama 35243

**PLEASE SERVE SUMMONS AND COMPLAINT BY CERTIFIED MAIL AS FOLLOWS:**

Master Credit Systems, Inc.
c/o Brenda Godfrey
2520 Shallowford Road Suite H
Marietta, Georgia 30066

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

ELECTRONICALLY FILED
5/24/2012 2:10 PM
CV-2012-901639.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **CLAUDE A. TILLMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **v.** ) | **Case No.:**_____ |
| ) | |
| **MASTER CREDIT SYSTEMS, INC., a** ) | |
| **corporation; and EQUIFAX** ) | |
| **INFORMATION SERVICES, LLC,** ) | |
| **a corporation;** ) | |
| ) | |
| **Defendants.** ) | |

## SUMMONS

      This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**     **Master Credit Systems, Inc.**
                **c/o Brenda Godfrey**
                **2520 Shallowford Road Suite H**
                **Marietta, Georgia 30066**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 362001, Birmingham, Alabama 35236. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT**.  You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

                             _____

                             Clerk of Court

Dated: _____

ELECTRONICALLY FILED
5/24/2012 2:10 PM
CV-2012-901639.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
BIRMINGHAM DIVISION**

| | | |
|---|---|---|
| **CLAUDE A. TILLMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No.:**_____ |
| | ) | |
| **MASTER CREDIT SYSTEMS, INC., a** | ) | |
| **corporation; and EQUIFAX** | ) | |
| **INFORMATION SERVICES, LLC,** | ) | |
| **a corporation;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SUMMONS

       This service of this summons is initiated upon the written request of Plaintiff's attorney pursuant to the Alabama Rules of Civil Procedure.

**NOTICE TO:**        **Equifax Information Services, LLC**
                     **c/o CSC Lawyers Incorporating Service, Inc.**
                     **150 S. Perry Street**
                     **Montgomery, Alabama 36104**

The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written answer, either admitting or denying each allegation in the Complaint to **PHILLIPS LAW GROUP**, Attorneys for the Plaintiffs, P.O. Box 362001, Birmingham, Alabama 35236. **THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF THE DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.** You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward. The Clerk's address is: Circuit Clerk of Jefferson County, 716 Richard Arrington Blvd North, Room 400, Birmingham, Alabama 35203.

                                               _____
                                               Clerk of Court

Dated: _____

ELECTRONICALLY FILED
5/24/2012 2:10 PM
CV-2012-901639.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

| | |
|---|---|
| **CLAUDE A. TILLMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **v.** ) | **Case No.:**_____ |
| ) | |
| **MASTER CREDIT SYSTEMS, INC.,** a ) | |
| **corporation; and EQUIFAX** ) | |
| **INFORMATION SERVICES, LLC,** ) | |
| a corporation; ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT MASTER CREDIT SYSTEMS, INC.

COMES NOW Plaintiff Claude A. Tillman, by and through her undersigned counsel, and hereby requests that Defendant Master Credit Systems, Inc. (hereinafter, collectively "you," "your," and/or "this Defendant"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure. In addition, Plaintiff requests Defendant to attach a copy of each and every document referred to in any of the interrogatories or in Defendant's responses thereto or that Defendant states the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:**   These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

**I.    INTERROGATORIES:**

1.    State whether this Defendant's name correctly is stated in the complaint filed in

this case.  If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.      State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

a.      State the address of all business locations of this Defendant;

b.      Describe   the   nature   of   this   Defendant's   business.

**RESPONSE:**

3.      Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a) Please state whether each such person is affiliated with, or related to, or employed

by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**

4.      Identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other defendant in this action, relating or referring to the Plaintiff, facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**RESPONSE:**

5.      State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, designed to assure the maximum possible accuracy of the information in your database and that such information is accurately reported to the credit reporting agencies, including Equifax, Experian, and Trans Union.

**RESPONSE:**

6.      For each request for admission to which you did not give an unqualified

"admitted," please state in detail the basis for each such refusal to admit and identify all documents

which relate to your refusal to admit.

**RESPONSE:**

7.      Explain in detail why you pulled Plaintiff's credit reports.

**RESPONSE:**

8.      What is your policy and procedure for pulling credit reports? Identify and produce

all related documents, including memos, emails, policy and procedure books or guidelines, etc.

**RESPONSE:**

9.      Identify all documents in your possession that you claim are privileged,

identifying the types of documents, dates of documents, subject matter of the documents, authors and

recipients of the documents, and the applicable privilege.

**RESPONSE:**

10.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**


11.     State how many credit reports of consumers in Alabama you pulled in 2010 and how many you pulled in 2011.

**RESPONSE:**


12.     For each affirmative defense identify all documents, facts, or witnesses that support each such defense.

**RESPONSE:**


13.     State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each expert.

**RESPONSE:**


14.     State your policies and procedures and identify the name or title of said policy and procedure as well as any and all manuals, reference books, of memorandums by whatever name called, for the purpose of conducting a proper and reasonable investigation or re-investigation of a consumer dispute in compliance with the FCRA.

**RESPONSE:**

II.    **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

1.      Admit or deny that Plaintiff did not give you permission to pull Plaintiff's credit reports.

**RESPONSE:**

2.      Admit or deny you told Equifax that Plaintiff had given you permission to pull his reports.

**RESPONSE:**

3.      Admit or deny that you knew that pulling Plaintiff's credit reports would adversely affect Plaintiff's credit worthiness.

**RESPONSE:**

4.      Admit or deny you failed to investigate Plaintiff's dispute in July, 2011.

**RESPONSE:**

5.      Admit or deny you failed to investigate Plaintiff's dispute in January, 2012.

**RESPONSE:**

6.      Admit or deny Equifax failed to inform you of Plaintiff's dispute of this account in July, 2011.

**RESPONSE:**

7.      Admit or deny Equifax failed to inform you of Plaintiff's dispute of this account in January, 2012.

**RESPONSE:**

### III.    REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      Please produce all documents evidencing, relating, referencing, and/or involving communications between you and any of the other defendants which regarded or in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.      Produce all documents that reference, relate, and/or refer in any way to the Plaintiff.

3.      Produce all documents evidencing, relating, referencing, involving and/or constituting communications between you and Plaintiff or anyone acting on or purporting to act on Plaintiff's behalf.

4.      Produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in pulling credit reports during each of the years: 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

5.      Produce your policy manuals, procedure manuals, or other documents, which reference, constitute, evidence, and/or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years: 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010.

6.      Produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with the other defendants and with any consumer reporting agency from which you pulled credit reports on Plaintiff.

7.      Please produce your documents evidencing, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were

used or made available to you by any party to this case.

8.      Produce your documents which evidence, reference, relate, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

9.      Produce your documents and/or correspondence in your, or your attorney's, possession that evidence, refer to, and/or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include letters between you and your attorney.

10.     Produce copies of your documents evidencing, relating to, and/or referencing telephone messages, log books and/or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

11.     Produce any and all documents which evidence, relate, and/or refer in any manner to the Plaintiff or any of Plaintiff's accounts.

12.     Produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

   s/Wesley L. Phillips
Wesley L. Phillips (PHI053)
Attorney for Plaintiff

OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham,  Alabama 35236
(205) 383-3585  - voice
(800) 536-0385 - facsimile

**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**

ELECTRONICALLY FILED
5/24/2012 2:10 PM
CV-2012-901639.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | | |
|---|---|---|
| **CLAUDE A. TILLMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | Case No.:_____ |
| | ) | |
| **MASTER CREDIT SYSTEMS, INC., a** | ) | |
| **corporation; and EQUIFAX** | ) | |
| **INFORMATION SERVICES, LLC,** | ) | |
| **a corporation;** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION TO DEFENDANT EQUIFAX INFORMATION SERVICES, LLC

COMES NOW Plaintiff Claude A. Tillman, by and through her undersigned counsel, and hereby requests that Defendant Equifax Information Services LLC. (hereinafter, collectively "you," "your," and/or "this Defendant"), answer the following interrogatories and requests for production of documents within the time required by the Alabama Rules of Civil Procedure.  In addition, Plaintiff requests Defendant to attach a copy of each and every document referred to in any of the interrogatories or in Defendant's responses thereto or that Defendant states the date and time the said documents will be produced for inspection and copying at the offices of Plaintiff's attorney.

**NOTE:**   These interrogatories shall be deemed continuing so as to require supplemental answers upon receipt of additional information subsequent to its original response.

## I.    INTERROGATORIES:

1.     State whether this Defendant's name correctly is stated in the complaint filed in

this case.  If not, state the correct way this defendant should be designated as a party defendant in the named action at the time of occurrence made the basis of this lawsuit and at the time of response to these interrogatories.

**RESPONSE:**

2.      State the corporate history of this Defendant, including the date and place of incorporation; whether it is qualified to do business in the State of Alabama, and, if so, the date first qualified; the address of its principal place of business; and the full names of any and all  subsidiaries, divisions, sister corporations, parent corporations, successors, assigns and other like entities.

a.      State the address of all business locations of this Defendant;

b.      Describe the nature of this Defendant's business.

**RESPONSE:**

3.      Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a) Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b) If any of the persons so listed in response to this interrogatory do not fit the

characterization in subpart (a) above, please describe the nature of their involvement in

this lawsuit;

(c) Please explain and describe your understanding of their knowledge of such facts.

**RESPONSE:**


4.      Identify all correspondence or documents that refer or relate to any

correspondence or communication between you and any other defendant in this action, as well as

any potential credit grantors or mortgage grantors relating or referring to the Plaintiff, facts, acts,

events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or

defenses thereto.

**RESPONSE:**


5.      Please state whether you received any requests from Defendant Master Credit

Systems related to pulling Plaintiff's credit reports, and in connection with your response, please

identify the dates of such requests, the manner of the requests, the identifying data connected

with the requests, and explain and describe the reasons you allowed Defendant Master Credit

Systems  LLC to have access to Plaintiffs' credit reports.

**RESPONSE:**


6.      State your policies and procedures and identify the name or title of said policy and

procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, designed to assure the maximum possible accuracy of the information in your consumer credit database and consumer reports you issued and to ensure credit pulls are only allowed when the company desiring to make the pull has a permissible reason.

**RESPONSE:**

7.      If any document that is or would have been responsive to Plaintiff's Requests for Production of Documents to you was destroyed, lost, mislaid, or otherwise missing, identify the document, state the date of and reason for its destruction, and identify all persons having knowledge of its contents and/or the reason for its destruction.

**RESPONSE:**

8.      Identify all documents in your possession that you claim are privileged, identifying the types of documents, dates of documents, subject matter of the documents, authors and recipients of the documents, and the applicable privilege.

**RESPONSE:**

9.      If any document responsive to Plaintiff's Request for Production of Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made

accessible, or to whom it was explained.

**RESPONSE:**

10.     Please list, explain and describe documents known to you or believed by you to exist concerning any of the events described in Plaintiff's complaint or concerning any of the events which are the subject(s) of any defense(s) you have raised to this lawsuit.

**RESPONSE:**

11.     If your answer to any Request for Admission is anything other than an unqualified "Admit," explain in detail each and every reason for your answer to each Request for Admission that you did not give an unqualified admission, identifying all persons and documents.

**RESPONSE:**

12.     State the name and address of each and every witness expected to be called at the trial of this action.

**RESPONSE:**

13.     State the name and address of each and every expert witness expected to be called at the trial of this action.  Include in your answers any and all opinions, and the basis for such opinions, upon which each and every expert will be called to testify and the qualifications of each

expert.

**RESPONSE:**


14.     State the name, address, phone number, and employer of each and every person known by you to have any knowledge whatsoever of matters related, referencing, or pertaining to the events made the basis of this lawsuit.

**RESPONSE:**


15.     State whether, in the past ten years, you have been named a party defendant in any other lawsuit  involving claims or allegations you violated the Fair Credit Reporting Act (15 U.S.C. §1681, et. seq.) with regard to properly conducting an investigation of a disputed account and/or improperly reporting accounts.  If so, state the name of the lawsuit, the civil action number and the court where the action was filed.

**RESPONSE:**


16.     State whether, in the past ten (10) years, you have been involved in any other legal action, either as a defendant or a plaintiff where allegations were raised concerning improper use of personal or financial data or credit report access issues were involved? If so, please state:

    a) The date and place each such action was filed identifying the other party or parties involved, the docket number of such actions, and the names of the attorneys representing each party;

    b) A description of the nature of each such action; and

c) The result of each such action whether there was an appeal, and the result of the

appeal, and whether such case was reported and the name, volume number, and page

citation of the report.

**RESPONSE:**


17.     State and fully describe the maintenance of all procedures utilized by you to avoid

violation of the Fair Credit Reporting Act, including, but not limited to, all documents regarding

this Defendant's compliance or noncompliance with the FCRA.

**RESPONSE:**


18.     State your policies and procedures and identify the name or title of said policy and

procedure as well as any and all manuals, reference books, of memorandums by whatever name

called, for the purpose of conducting a proper and reasonable investigation or re-investigation of

a consumer dispute in compliance with the FCRA.

**RESPONSE:**



**II.     PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS**

1.     Admit or deny that you followed all policies and procedures for allowing

Defendant Master Credit Systems to pull Plaintiff's credit reports.

**RESPONSE:**

2.     Admit or deny you intended that other persons or entities would see the credit

pulls by Defendant Master Credit Systems if such other persons or entities reviewed Plaintiff's

credit report maintained by you.

**RESPONSE:**

     3.     Admit or deny the credit pulls by Defendant Master Credit Systems do not improve Plaintiff's credit history.

**RESPONSE:**

     4.     Admit or deny the credit pulls by Defendant Master Credit Systems lower Plaintiff's credit score using your credit scoring formula.

**RESPONSE:**

     5.     Admit or deny you have not yet deleted the inquiries of Master Credit Systems from Plaintiff's credit reports.

**RESPONSE:**

     6.     Admit or deny that as of the date this lawsuit was filed you had not yet deleted the inquiries of Master Credit Systems from Plaintiff's credit reports.

**RESPONSE:**

     7.     Admit or deny the Plaintiff does not have a choice on whether you will maintain a credit report on him.

**RESPONSE:**

**III.    REQUESTS FOR PRODUCTION OF DOCUMENTS**

     1.     Please produce all documents evidencing, relating to, and/or involving communications between you and any of the other defendants, in which the communication in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

     2.     Produce each and every document that refers to the plaintiff.

3.      Please produce all documents evidencing, relating to, and/or involving or constituting communications between you and the plaintiff or anyone acting on or purporting to act on the plaintiff's behalf.

4.      Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in allowing credit pulls during each of the years: 2005, 2006, 2007, 2008, 2009, 2010, and 2011.

5.      Please produce your policy manuals, procedure manuals, or other documents, which reference, constitute or duplicate the Fair Credit Reporting Act (or any part thereof) and its revisions or amendments provided to your employees, during each of the years 2005, 2006, 2007, 2008, 2009, 2010, and 2011.

6.      Please produce your contract, documents, manuals, and/or all recorded data in whatever medium or form concerning  your subscriber relationships with all other defendants.

7.      Please provide a complete audit trail of any document(s), computer(s), or other data held by you which indicate, address, and/or discuss modifying and/or amending any information regarding Plaintiff reported by you.

8.      Please produce your documents evidencing, relating, referencing, constituting and/or containing your subscriber contracts, subscriber names, subscriber codes, personal identification numbers, reporting policies, means and procedures and/or access codes and specify what time periods such contracts, names, codes, personal identification numbers and/or access codes were used or made available to you by any party to this case.

9.      Please produce your documents which evidence, relate, reference, constitute and/or address your communications with Plaintiff or anyone acting on behalf of Plaintiff.

10.     Please produce all documents and/or correspondence in your, or your attorney's,

possession that refer to or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, not to include any privileged letters between you and your attorney.

11.     Please produce copies of your documents evidencing, relating, referencing, constituting and/or containing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or any other defendant in this action and/or any consumer reporting agency or furnisher or government bureau or any Better Business Bureau.

12.     Please produce all documents in your custody, control, or possession evidencing, relating, referencing, constituting and/or which refer in any manner to Plaintiff or any of Plaintiff's accounts.

13.     Please produce any and all documents identified, relied upon, and/or referred to by you in your responses to Plaintiff's interrogatories.

　　　　　　　　　　　　　　　　　 s/Wesley L. Phillips
　　　　　　　　　　　　　　　　　Wesley L. Phillips (PHI053)
　　　　　　　　　　　　　　　　　Attorney for Plaintiff


OF COUNSEL:
PHILLIPS LAW GROUP, LLC
Post Office Box 362001
Birmingham,   Alabama 35236
(205) 383-3585  - voice
(800) 536-0385 - facsimile


**PLEASE SERVE ALONG WITH THE SUMMONS AND COMPLAINT.**

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>01-CV-2012-901639.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### CLAUDE A TILLMAN V. MASTER CREDIT SYSTEMS, INC. ET AL

MASTER CREDIT SYSTEMS, INC., 2520 SHALLOWFORD ROAD STE H, MARIETTA, GA 30066

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS P.O. Box 130488, Birmingham, AL 35213

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    CLAUDE A TILLMAN
   pursuant to the Alabama Rules of the Civil Procedure

| 5/24/2012 2:10:15 PM | /s ANNE-MARIE ADAMS | _____ |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s WESLEY L PHILLIPS

                                Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____
Date                Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>01-CV-2012-901639.00 |
|---|---|---|

### IN THE CIVIL COURT OF JEFFERSON, ALABAMA
### CLAUDE A TILLMAN V. MASTER CREDIT SYSTEMS, INC. ET AL

EQUIFAX INFORMATION SERVICES, LLC, 150 S. PERRY STREET, MONTGOMERY, AL 36104

NOTICE TO _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY WESLEY L PHILLIPS

WHOSE ADDRESS IS P.O. Box 130488, Birmingham, AL 35213 _____

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    CLAUDE A TILLMAN
   pursuant to the Alabama Rules of the Civil Procedure

| 5/24/2012 2:10:15 PM | /s ANNE-MARIE ADAMS | _____ |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s WESLEY L PHILLIPS
                                     Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____            _____
Date                                     Server's Signature

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

EQUIFAX INFORMATION SERVICES, LLC
150 S. PERRY STREET
MONTGOMERY, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Owen Banks_
□ Agent
□ Addressee

B. Received by ( Printed Name )
C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

CV12 - S0639 SEC

3. Service Type
□ Certified Mail   □ Express Mail
□ Registered   □ Return Receipt for Merchandise
□ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

2. Article Number
(Transfer from service label)

7011 2470 0002 9644 3119

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

D003



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

FILED IN OFFICE

JUN 0 7 2012

ANNE-MARIE ADAMS
CLERK

• Sender: Please print your name, address, and ZIP+4® in this box•

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MASTER CREDIT SYSTEMS, INC.
STE H
9520 SHALLOWFORD ROAD
MARIETTA, GA 30066

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
6-14-12

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

CV 12-901639 SEC

3. Service Type
☑ Certified Mail     ☐ Express Mail
☐ Registered     ☑ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)

7011 2970 0002 9664 3102

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

D001

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

FILED IN OFFICE

JUN 1 1 2012

ANNE-MARIE ADAMS
CLERK

ANNE-MARIE ADAMS, CLERK
ROOM 400 JEFF. CO. COURTHOUSE
716 RICHARD ARRINGTON JR BLVD. NO.
BIRMINGHAM, ALABAMA 35203