# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

| | |
|---|---|
| **CLAUDE A. TILLMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 12-cv-2394-PWG |
| | ) |
| **MASTER CREDIT SYSTEMS,** | ) |
| **INC., a corporation; and** | ) |
| **EQUIFAX INFORMATION** | ) |
| **SERVICES, LLC, a corporation;** | ) |
| | ) |
| **Defendants.** | ) |

## MOTION TO REMAND

COMES NOW Plaintiff in the above-styled matter, and pursuant to 28 U.S.C. § 1447(c), and moves this Honorable Court to remand this matter to the Circuit Court of Jefferson County, Alabama, Birmingham Division. The defective notice of removal mandates the requested remand. As grounds therefore, Plaintiff states and shows the Court as follows:

### Procedural Background

1.      Plaintiff filed her claims in the Circuit Court of Jefferson County, Alabama against Defendants Equifax Information Services, LLC ("Equifax") and Master Credit Systems, Inc. ("MCS"; and collectively, "Defendants") on   and

Defendants were properly served with the Summons and Complaint on

2. Defendant Equifax filed the Notice of Removal on July 5, 2012. [Doc 1]

3. Defendant stated in its Notice of Removal that the matter was removable based on 28 USC §1441(a). [Doc 1, ¶7]

4. Included it the Notice of Removal filing by Defendant Equiaxwas a document purporting to show Defendant MCS' consent to the removal. [Doc 1-1]

## Legal Standard

5. Whether a case may be removed is question of federal law to be decided by the federal court. The removal statutes are to be strictly construed against removal and all doubts must be resolved in favor of remanding the case to the state court. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); see also *Jerido v. American Gen. Life & Acct. Ins. Co.*, 127 F. Supp. 2d 1322, 1324 (M.D. Ala. 2001) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.") Furthermore, the federal court must "evaluate all of the factual allegations in the light most favorable to the plaintiff." *Crowe v. Coleman*, 113 F.3d 1535, 1538 (11th Cir. 1997).

6. Removal statutes must be strictly construed because Congressional intent in enacting removal legislation was to restrict removal jurisdiction. *Shamrock Oil & Gas Corp. v. Streets*, 313 US 100, 108, 61 S. Ct. 868, 85 L. Ed. 2d 1214

(1921); *Lane v. Champion International Corp.*, 827 Fed. Supp. 701, 705 (S.D. Ala. 1993).

7. "Where there are multiple defendants, all must join in a [notice] to remove within thirty days of service." *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir.2002). "The statute governing the procedures for removal provides that 'all defendants who have been properly joined and served must join in or consent to the removal of the action.'" *Brown v. Fryer*, 12-cv-01587-CMA, D. Col. (June 27, 2012) *citing* 28 U.S.C. § 1446(b)(2)(A); *Farmland Nat'l Beef Packing Co., L.P.*, 98 F.Appx. 752, 756 (10th Cir. 2004) ("all of the defendants must consent to removal.") "If this requirement is not met, the notice of removal is procedurally defective." *See Swanson v. U.S. Bank, NA*, No. 10cv01258, 2011 WL 1585134, at *1 (D. Utah Apr. 26, 2011).

## Argument
### Defendant's Notice of Removal is Defective

8. The Notice of Removal includes a document purporting to contain the "consent" of Defendant MCS, however, this document is deficient. [See Doc 1-1]

9. The document entitled Joinder and Consent to Notice of Removal of Action contains a signature block for Master Credit Systems, however, the signature line merely says "By: s/Eddie Hall   ."

10. There is no further designation or explanation of Eddie Hall neither in

what capacity he signs or in what way or manner he is even affiliated with Master Credit Systems.

11.  There is no indication if Eddie Hall is an officer of Master Credit Systems, a manager of Master Credit Systems, a non-managerial employee of Master Credit Systems, or even a person off the street.

12.  If the party signing on behalf on the corporation does not have authority to bind the corporation, likewise, their signature should not be able to provide the proper "consent" required by 28 U.S.C. §1446(b)(2)(a).

13.  Based on the document filed by Defendant Equifax along with the Notice of Removal, it is impossible to ascertain that Eddie Hall has the ability to bind Master Credit Systems and consequently, the ability to consent to the removal of this matter to this Honorable Court.

14.  Therefore, pursuant to 28 U.S.C. § 1447(c), there is lack of unanimity of consent of all parties to the action and this matter is due to be remanded to the Circuit Court of Jefferson County, Alabama.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court to enter an order remanding this case to the Birmingham Division of the Circuit Court of Jefferson County.

Respectfully submitted this __18th__ day of __July__, 2012.

                                                          s/Wesley L. Phillips  
                                                          Wesley L. Phillips  
                                                          Attorney for Plaintiff

<u>OF COUNSEL</u>:  
PHILLIPS LAW GROUP, LLC  
Post Office Box 362001  
Birmingham, Alabama 35236  
Telephone: (205) 383-3585  
Facsimile:  (800) 536-0385  
wlp@wphillipslaw.com

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that the foregoing was electronically filed on this  <u>18th</u>  day of  <u>  July  </u> , 2012, with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following:

Victoria J. Franklin-Sisson  
JONES WALKER  
One Federal Place  
1819 5th Avenue North, Suite 1100  
Birmingham, Alabama 35203

                                                          s/Wesley L. Phillips  
                                                          OF COUNSEL