# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CLAUDE A. TILLMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-cv-2394-PWG |
| ) | |
| MASTER CREDIT SYSTEMS, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## ORDER PURSUANT TO PARAGRAPH 5, GENERAL ORDER OF REFERENCE

Before the court is plaintiff's motion to remand (doc. 4).[1] This matter is before the undersigned pursuant to 28 U.S.C. 636, and the General Order of Reference dated July 25, 1996, as amended May 8, 1998, and July 27, 2000.

Plaintiff initially filed her complaint in the Circuit Court of Jefferson County, Alabama, on May 24, 2012, against defendants Equifax Information Services, LLC ("Equifax") and Master Credit Systems, Inc. ("MCS"). Doc. 1 Exh. B. Her complaint asserted federal claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, along with various state law claims. Doc. 1 Exh. B. On July 5, 2012, defendant Equifax removed the action to federal court pursuant to 28 U.S.C. § 1441(a), with federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Doc. 1. Equifax's Notice of Removal included a document purporting to show defendant MCS's consent to the removal. Doc. 1 Exh. A.

---

[1]Defendant Equifax Information Services, LLC, was dismissed by this court on July 27, 2012. Doc. 7. The only remaining defendant, Master Credit Systems, Inc., has not responded to plaintiff's motion to remand.

On July 17, 2012, plaintiff filed a motion to remand, arguing that the document indicating MCS's consent to removal is deficient. It is well established that as a general rule the Notice of Removal must be signed or joined in by all defendants over whom the state court has acquired jurisdiction. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001). Further, the removal statutes are to be strictly construed against removal and all doubts must be resolved in favor of remanding the case to the state court. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

The document contains a signature block for MCS and was signed by "Eddie Hall." There is no further designation or explanation of Eddie Hall regarding in what capacity he signs or in what manner he is affiliated with MCS. Plaintiff argues that there is no indication that Eddie Hall has authority to bind the corporation to give the proper consent required by 28 U.S.C. § 1446(b)(2)(a). Although given the opportunity to respond to plaintiff's motion, defendant MCS has not provided any further information regarding Eddie Hall's authority or lack thereof.

Having considered the foregoing, this court finds that there is lack of unanimity of consent of all parties to the action. Therefore, the court ORDERS that the case is REMANDED to the Circuit Court of Jefferson County, Alabama. Any party may seek review of the order of remand pursuant to Federal Rules of Civil Procedure 72(a). The remand will occur fifteen (15) days after the entry of this order unless stayed by appropriate order. *See* General Orders of Reference, dated July 25, 1996 and May 8, 1998, as amended July 27, 2008, at ¶ 5.

**DONE** and **ORDERED** this 8th day of August, 2012.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE